[Crim. No. 3509.   First Dist., Div. Two.   July 17, 1958.]

THE PEOPLE, Respondent, v. HENRY F. CANNON, Appellant.

Kenneth C. Zwerin for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Jack Berman, Assistant District Attorney, for Respondent.

DOOLING, J.—Defendant has appealed from an order revoking his probation. Appellant pleaded guilty to the crime of bookmaking (Pen. Code, § 337a). He was placed on probation for two years on condition that he serve six months in the county jail and make restitution in the sum of $500.

After he had completed the term in jail and commenced to satisfy the order for $500 restitution he was arrested for the violation of a municipal ordinance (arranging for another to have an act of sexual intercourse). Thereupon an assistant probation officer had a motion to revoke appellant's probation in this matter placed on the calendar of the superior court. After some continuances on January 17, 1958, the adult probation officer withdrew his motion to revoke probation and at the same time the district attorney made a motion to revoke appellant's probation. The matter was continued to January 31, 1958, at which time the probation officer joined in the district attorney's motion. A hearing was held in which witnesses including the appellant were sworn and testified. Upon the conclusion of this hearing the court revoked its order of probation and sentenced appellant to the state prison for the term prescribed by law.

At the hearing evidence was produced by a police officer that fully supported the trial court's finding that appellant arranged to and did supply him with a woman for the purpose of prostitution in a hotel of which he was manager. Appellant denied this but the resolution of the conflicting evidence was for the trial court.

■ Appellant complains that in passing on the motion to revoke his probation the trial court was influenced by his previous criminal record. Having concluded that appellant had violated his probation by the conduct above outlined the trial court was entitled to consider appellant's previous criminal record as one of the factors in disposing of the motion to revoke his probation.

■ Before the motion was heard and decided the charge of violating the ordinance had been dismissed for failure to

bring it to trial in 30 days. Appellant claims that in basing the revocation of his probation on the same facts involved in the criminal charge which had been so dismissed appellant was placed twice in jeopardy for the same offense. The dismissal was a bar to a subsequent prosecution for that offense (Pen. Code, § 1387) but the inquiry here was to determine whether appellant had violated his probation, not to punish him for the substantive offense. He could as well have been charged with violating his probation without filing any complaint for violating the ordinance and the fact that that charge was not prosecuted against him in the municipal court seems immaterial. If he had been acquitted of the charge in the municipal court after a trial it might be argued that that judgment would be res judicata, but he was not acquitted. The dismissal while it technically prevented his trial for the misdemeanor was not res judicata in this collateral inquiry.

Additionally once in jeopardy must be expressly pleaded or it is waived. (14 Cal.Jur.2d, Criminal Law, § 195, p. 441.) The record does not show that this question was presented in the trial court.

Appellant also complains that the matter was not brought before the court in the manner provided by Penal Code section 1203.2. That section provides that during the period of probation any probation or peace officer may without warrant rearrest the defendant and bring him before the court, or the court may issue a warrant for his rearrest, and in either event may revoke his probation ''if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is . . . engaging in criminal practices . . .''

Here appellant had been arrested on another charge and was brought before the court without necessity of rearrest for that reason. He complains that no formal written charge of probation violation was filed. The section requires none and appellant was afforded a hearing at which he was represented by counsel and produced evidence to contradict the charges. No complaint was made that formal charges were not filed and no continuance was asked to produce further evidence once that against him was fully developed. Without conceding that any formal charge is required, appellant has shown no prejudice in this case by the failure to file a formal charge.

The section provides in the alternative that the court may revoke probation if the court has reason to believe that the probationer is engaging in criminal practices ''from the

report of the probation officer, *or otherwise."* The report of the probation officer is not required if the criminal activity is *otherwise* shown. Here it was shown by sworn testimony in open court in the presence of appellant and his counsel, who was allowed full opportunity to controvert it. The section was fully complied with.

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied August 15, 1958, and appellant's petition for a hearing by the Supreme Court was denied September 10, 1958.